PAPO *v.* SCHOONMAKER.

JUSTICES' COURTS—COMMON PLEAS COURT—APPEAL—PLEADING—CHANGE OF THEORY.
In action on contract and common counts, commenced in common pleas court and appealed to circuit court, defendants' claim that plaintiff changed theory of case in circuit court, *held,* without merit.

Error to Wayne; Reid (Neil E.), J., presiding. Submitted January 6, 1932. (Docket No. 43, Calendar No. 35,171.) Decided March 2, 1932.

Assumpsit in common pleas court by Morris Papo against Frank E. Schoonmaker and others for plumbing installation. Judgment for defendants. Plaintiff appealed to circuit court. Verdict and judgment for plaintiff. Defendants Garshott bring error. Affirmed.

*Griffin, Heal & Emery* (*Brennan B. Gillespie,* of counsel), for plaintiff.

*Ira J. Pettiford,* for defendants.

McDonald, J. This is an appeal by defendants John Garshott and Blanche Garshott from a judgment entered in the Wayne circuit court in favor of the plaintiff. The Garshotts are the lessees of a building on Russell street in the city of Detroit which they use as a slaughter house. The defendant Schoonmaker is a general contractor and was engaged in repairing the building under a contract with Garshott. He sublet the plumbing work to the plaintiff. While the work was in progress, the board of health ordered two sumps installed in the building. The plaintiff says these were extras; that they were not included in his contract with Schoonmaker, but that he made the contract for their installation direct with Mr. and Mrs. Garshott at a stipulated cost of $500; that during the course of the work they paid him $100 on account, but when it was completed they refused to pay the balance, claiming that it was Schoonmaker's obligation. The plaintiff brought suit in the common pleas court for the city of Detroit. Schoonmaker was made a party. There was

a judgment in favor of the defendants. The plaintiff appealed to the circuit court. In that court a non-suit was entered as to Schoonmaker and the case proceeded against the other two defendants, resulting in a verdict and judgment for the plaintiff.

The defendants' cause for appeal is stated in their brief as follows:

"That the plaintiff tried his case in the justice's court in Detroit upon the theory that he entered into a contract with Frank E. Schoonmaker, and was a subcontractor upon the building under Mr. Schoonmaker, and that thereafter the defendants John Garshott and Blanche Garshott promised to pay him for the work and made a payment.

"That the plaintiff abandoned his theory in the Wayne circuit court and went to trial in the circuit court for the county of Wayne upon the theory that he made an original contract with John Garshott and Blanche Garshott, thus converting his appeal in the circuit court into a new cause of action and trying it there. This we claim was unlawful and gave the circuit court no jurisdiction to hear and determine."

We do not know on what theory the case was tried in the common pleas court, but presume it was on the theory of the pleadings. The declaration was in an action of assumpsit upon all the common counts and especially for work and materials. To this was added the following statement, which has given rise to all the trouble in the case:

"As subcontractor under a contract between plaintiff and one Frank E. Schoonmaker, and oral promises verified by payment of part consideration."

It is conceded that the words "oral promises" refer to oral promises of John Garshott and Blanche Garshott.

The apparent inconsistency of this statement is explained by the plaintiff in his testimony on the trial in the circuit court. He testified that he had a written contract with Schoonmaker to install the sumps; that after it was signed Schoonmaker discovered that the sumps were not included in his contract with the Garshotts, and that he canceled the contract with the plaintiff, who then made the oral contract in question direct with Mr. and Mrs. Garshott. Mr. Schoonmaker was out of the case in the circuit court, and as to the other defendants, the plaintiff sought to recover on the theory of their oral promise to pay. This was exactly his theory as to them in the common pleas court. The case was tried on the same declaration in both courts. The defendants are wrong in their contention that the cause of action was changed in the circuit court. The cause of action was the same, and the theory was the same. The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.